(38 Misc. Rep. 157.)

## In re BROWN.

(Supreme Court, Special Term, Delaware County. May, 1902.)

. LOCAL OPTION ELECTION—DETERMINATION OF CANVASSERS.

On an application before a justice of the supreme court to cancel a liquor-tax certificate on the ground that its holder was not entitled to it, the determination of the board of town canvassers as to the result of a vote at an election at a biennial town meeting on the question of the sale of liquor in the town is conclusive.

2. SAME.

A statement filed with the county treasurer by a town clerk who came into office long after an election at a biennial town meeting on the question of the sale of liquors in the town, showing a different result than that reached by the board of town canvassers, is a nullity.

Application of William H. Brown for an order revoking a liquor-tax certificate issued to Sherman S. Bouton. Application granted.

Wagner & Fisher, for petitioner.
C. L. Andrus and F. M. Andrus, for respondent.
William E. Schenck, for state commissioner of excise.

MATTICE, J. This is an application for an order revoking and canceling a liquor-tax certificate issued by the treasurer of Delaware county to one Sherman S. Bouton, in the town of Middletown. At the biennial town meeting held February 12, 1901, the voters of that town voted upon the four propositions, pursuant to section 16 of the liquor-tax law (Laws 1897, c. 312). At the close of the polls the board of canvassers, consisting of the town clerk and the four justices of the peace, counted the votes upon each proposition, ascertained and declared the result, and put upon the proper town record a statement signed by each, which statement showed that 396 had voted "Yes," and 417 had voted "No," upon proposition No. 4 (selling liquor by hotel keepers only). Thereafter and on the 9th day of May, 1901, the newly elected town clerk filed with the county treasurer a paper

writing, in which he stated and certified that 385 had voted "Yes,"
and 373 had voted "No," upon the proposition in question. There-
upon the county treasurer issued the tax certificate here sought to be
set aside. The liquor tax law provides that a liquor tax certificate
may be revoked and canceled by a justice of the supreme court, in a
proceeding of this nature, where it is made to appear that the holder
thereof was not, for any reason, entitled to receive or hold the same.
The learned counsel for the holder of the tax certificate contends that
the certified statement filed by the town clerk in the county treasurer's
office is conclusive; in other words, that even if the certificate is false,
and does not truly state the number of votes cast for and against
the proposition, as counted, determined, and recorded by the town
board of canvassers, power or authority is not possessed in this pro-
ceeding to grant the relief petitioned for. He next contends that, if
authority is given by the statute in this proceeding to go behind the
statement of the clerk filed with the county treasurer, then the statute
gives authority and power in this proceeding to go back of the state-
ment of the town board of canvassers, and determine whether such
action on the part of the board of canvassers was fraudulent or erro-
neous. This proposition, while plausible on its face, will not bear
scrutiny. The town board of canvassers exercised functions which
were both ministerial and judicial in their nature. It was the duty of
the officers comprising such board not only to count the ballots, but
to officially determine in the first instance what ballots should or
should not be counted. They must pass upon the validity or invalidity
of the ballots as they come from the ballot box. The board of can-
vassers alone have the right to determine the result of the votes cast.
No other officer has the right to determine that result. To the board
of town canvassers alone is committed this duty. Even the town
board of canvassers would be powerless to reconvene and recount the
vote after having once determined and declared the result. How,
then, can it be claimed that the newly elected town clerk had the right,
long afterward, to determine the result of the town meeting by a re-
count of the votes, and pass upon the validity and invalidity of certain
ballots? The proposition is too absurd and silly to be tolerated.
Yet this newly elected town clerk assumed to determine for himself the
result of the town meeting, and disregarded entirely the action of the
town board of canvassers, a statement of which he found upon the
records of the town when he assumed the duties of his office. No
power or authority is possessed by a justice of the supreme court in
this proceeding to go behind the determination of the town board of
canvassers and ascertain the result of the votes. Fraudulent or erro-
neous action of a board of canvassers can only be reviewed by a court
of competent jurisdiction in an action or proceeding commenced for
that express purpose. In this proceeding, therefore, it must be as-
sumed that the town board of canvassers correctly counted the vote
and ascertained the result, and put upon the records of the town a
correct statement of such result and vote. Such determination must
control in this proceeding. It should have controlled the action of the
town clerk in filing the certified statement with the county treasurer.
In filing a certified statement with the county treasurer, the town clerk

acts in a purely clerical or ministerial manner. He has no judicial or quasi judicial or discretionary power whatever. His act was not an official determination of the votes cast, or anything else. It was a false certification of the records of his town, and of the official determination of the town board of canvassers. His act was a fraud upon the county treasurer and upon the people of his town. His "certified statement" of the action of the town board and the records of his town, when shown to be false, has no more binding effect in a collateral proceeding than would the false authentication by a county clerk of judicial proceedings of record in his office.

Hadley v. Mayor, etc., 33 N. Y. 603, 88 Am. Dec. 412, cited by respondent's counsel, is not an authority in support of the claim that the clerk's certificate cannot be attacked collaterally. In that case the clerk certified truly the determination of the board of canvassers. The court held that the determination of the board could not be impeached collaterally. The formal certificate of the clerk did not come in question at all. A careful analysis of the authorities will show that it is only in cases where a public officer is clothed with the power to make an official decision or determination that his act is protected from collateral scrutiny. The clerk in this instance was vested with no power or discretion whatever, and had no right to make any determination,—not even to the extent of adding a column of figures. His was the duty of a mere scrivener. He was required to make a "copy of the statement of the result of the vote" as he found it upon the records of the town, and file it "with the state commissioner of excise, and also with the county treasurer of the county." Moreover, the paper so filed does not purport to be "a certified copy of the statement of the result of the vote," but purports to be a statement of the result made by the newly elected clerk. In other words, he did not file a copy of the statement made by the town board of canvassers, which is required by the statute, but simply filed a statement made by himself, which was wholly unauthorized and void, whether true or false, and the county treasurer was not empowered thereby to issue the tax certificate.

The petitioner is therefore entitled to an order revoking and canceling the liquor tax certificate so issued, together with costs to be paid by the respondent, Sherman S. Bouton. The form of the order and the amount of costs may be settled before me on five days' notice. Ordered accordingly.