County Court, Delaware County, July, 1904. Reported. 44 Misc. 444.

THE PEOPLE ex rel. GEORGE H. LASHER, Relator, *v.* HUGH ADAIR, County Treasurer of Delaware County, and P. W. CULLINAN, State Commissioner of Excise, Respondents.

**Liquor Tax Law.**

Where a town clerk files with the county treasurer, and with the State Department of Excise, a detailed certificate or statement of the result of an election as to local option—whose details have evidently been obtained by him from the returns filed with him by the town inspectors—the certificate or statement must be deemed presumptively correct, and, although the result of the vote has never been ascertained or determined by the town board, the result, as shown by the certificate, must be upheld, and, in accordance with it, the county treasurer must issue, or withhold, a liquor tax certificate.

PROCEEDINGS upon the return of a writ of certiorari granted by the county judge of Delaware county to review the action of Hugh Adair, county treasurer of said county, in refusing to issue to George H. Lasher, the relator, a liquor tax certificate.

*Eugene E. Howe,* for relator.

*Wm. E. Schenck,* for State Excise Department.

*Chas. L. Ashley,* for Middletown Anti-saloon League.

GRANT, J.: This is a proceeding under section 28 of the Liquor Tax Law to review the action of the county treasurer of Delaware county in refusing a liquor tax certificate to the relator.

The relator is a resident of the town of Middletown in said

county and for many years has been the owner of a hotel in said town and engaged therein in the traffic in liquors pursuant to a liquor tax certificate duly issued to him.

At the general election on the 3d day of November, 1903, the four propositions mentioned in section 16 of the Liquor Tax Law were submitted to the voters of said town, in the four election districts into which the town is divided; in three of the districts the propositions were canvassed by the election inspectors and a statement of the result filed with the town clerk; in one of the districts no canvass was made and all the ballots containing the propositions were placed in a sealed package and marked "void ballots."

On the 5th day of November, 1903, the justices of the peace and town clerk of said town met as a board of town canvassers; they did not canvass the excise propositions but adopted the following motion or resolution: "Motion made by Mr. Jackson that this board of canvassers omit to canvass in regard to the local option questions submitted November 3, 1903, viz.: Nos. one, two, three and four, on the ground that this board doubts its right and holds that it has no jurisdiction to canvass the votes upon the said propositions."

After the passage of the above resolution the board of canvassers adjourned *sine die*, and did not thereafter reconvene or canvass the said proposition.

On the 9th day of November, 1903, the town clerk filed or caused to be filed with the county treasurer and State Excise Department the following certificate or statement:

"Certified Copy of the Statement of the Result of Vote on Local Option Questions.

"Canvass of the votes cast upon the questions submitted to the electors of the town of Middletown, in the County of Delaware, State of New York, pursuant the provisions of section Sixteen of the Liquor Tax Law, at the Town Meeting held at the time of General Election in said town on November 3d, 1903.

"I. The whole number of affirmative votes which were cast for Local Option Question No. 1 submitted were..   115

"The whole number of negative votes which were cast against Local Option Question No. 1 submitted were..   339

"II. The whole number of affirmative votes which were cast for Local Option Question No. 2 submitted were..   86

"The whole number of negative votes which were cast against Local Option Question No. 2 submitted were..   316

"III. The whole number of affirmative votes which were
cast for Local Option Question No. 3 submitted were..    151
"The whole number of negative votes which were cast
against Local Option Question No. 3 submitted were..    277
"IV. The whole number of affirmative votes which were
cast for Local Option Question No. 4 submitted were..    241
"The whole number of negative votes which were cast
for Local Option Question No. 4 submitted were......    297

"There were ———— ballots endorsed 'Objected to as marked
for identification' counted and included in the foregoing state-
ment of result.

"There were one hundred and seventy ballots indorsed rejected
as 'void' not counted and included in the foregoing statement of
result.

"We certify that the foregoing statement is correct in all
respects.

"Dated Nov. 7th, 1903.

"J. K. P. Jackson    Refused to canvass    Justices of the
"Will Hubbell        vote and cannot       Peace of the town
"Sol Mayes           thus certify          of Middletown, N. Y.

"Marshall H. Dean, Town Clerk of the Town of Middletown,
N. Y.

"State of New York  ⎫
  County of Delaware ⎬ ss.:
  Town of Middletown ⎭

"Middletown Town Clerk's Office:

" I, Marshall H. Dean, Town Clerk of the Town of Middletown
aforesaid, do hereby certify that I have compared the foregoing
copy of the statement and return of the votes cast on the questions
submitted pursuant to the provisions of Section sixteen of the
Liquor Tax Law at the Town Meeting of the Town of Middletown
held at the time of General Election in said Town, November 3d,
1903, and the result of said vote on said questions submitted, with
the originals on file in this office, and that the same is a correct
transcript thereof, and of the whole of said original statement,
return and result.

"Dated November 7th, 1903.

                    "MARSHALL H. DEAN, *Town Clerk.*"

It is claimed by the relator that the statement made and filed by the town clerk with the county treasurer and excise department was void and of no effect as it was made and filed without authority of law and is not such a certified statement of the result of the vote as is required by the Liquor Tax Law.

The relator also contends that the statement being void and without authority of law, the county treasurer should have ignored it and issued to him a liquor tax certificate.

The relator now asks this court to determine that the application for the liquor tax certificate was denied without good and valid reasons therefor, and that under the provisions of the Liquor Tax Law, such certificate should be issued to him and asks that an order be made commanding the county treasurer to issue the same.

The questions for determination upon the return of the writ are *first;* whether or not such application was denied without good and valid reasons therefor, and *second;* whether under the provisions of the Liquor Tax Law a certificate should be issued and an order made commanding the county treasurer to issue the same.

Section 16 of the Liquor Tax Law provides: " That a certified copy of the statement of the result of the vote upon each of such questions submitted, shall immediately after such submission thereof be filed by the town clerk or other officer with whom the returns of the town meetings are required to be filed, by the election law with the county treasurer of the county," etc.

No statement of the result of the vote upon the questions submitted was ever made by the town board, acting as a board of town canvassers, and no certified statement of the result of the vote, upon the excise propositions, in said town, was ever made and filed, excepting the statement or certificate hereinbefore mentioned.

The questions involved in this case are to some extent novel, but so far as the issues presented by the return to the writ are concerned, several decisions have been made which, at least, throw some light upon the issues and furnish a guide for the determination of the case.

The case of *People ex rel. Leonard* v. *Hamilton,* 42 App. Div. 212, was an appeal from an order of the county judge of Monroe county, in a case involving questions similar to those involved in the case at bar. This case has been followed by the courts in this and adjoining departments upon applications of this character

where the questions involved related to the sufficiency of the statement or certificate filed by town clerks, of the result of the vote upon excise propositions.

In that case the town clerk filed simply a statement of the vote of the town of Ogden in the county of Monroe, showing the vote upon the four propositions and upon the application of the relator refused to issue the same, upon the ground that the statement aforesaid had been filed with him apprising him that a majority of the qualified electors of the town of Ogden had voted against the granting thereof.

A writ of certiorari was issued by the county judge, and upon the return of the writ it was held that the statement of the result filed by the town clerk was not a compliance with the statute, which required that a " Certified copy of the statement of the result of the vote ," etc., should be filed, and it was ordered that the county treasurer issue to the relator a certificate, unless the town clerk within five days file with the county treasurer a certified copy of the statement of the result of the election, from which it shall appear that such liquor tax certificate cannot be lawfully granted, in which case the application shall be refused.

An appeal was taken to the Appellate Division of the Supreme Court, Fourth Department, and the foregoing decision was affirmed. Mr. Justice Spring, writing the opinion of the court in which all concurred, says: " The statement made by the town clerk of the result of this town meeting unmistakably apprised the treasurer that at a town meeting held on the seventh day of March the majority of the votes cast on question four was decisively against the question submitted, giving the precise vote for and against the proposition. While the statement so made is not technically and strictly a ' certified copy ' of the return of the town meeting, in literal detail, it serves the purpose of acquainting the treasurer of the result of the vote and is adequate justification for his action. If the return is truthful in the vital part, that is, if the statement of the result of the town meeting is correct, then it should be upheld. As was said in *People ex rel. Hirsh* v. *Wood* (148 N. Y. 147) : ' The object of elections is to ascertain the popular will, and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them.'

"The contention of counsel for the relator, that this statement

should have all the verity of a certified copy to be admissible in evidence, is not a fair test of its import.

" The right to sell liquors depends upon the vote, not upon the statement. The statement is the means provided in the act to get the information of the result of the action of the electors to the officer who is to make effective their intent. Presumptively the statement is correct and you must be governed by it.  *  *  * Irregularities in the statement will not be invoked to defeat the will of the electors."

This case was followed by Mr. Justice Forbes in the case of *People ex rel. Smith* v. *Foster*, 27 Misc. Rep. 567, where a similar statement was filed by the town clerk; it was also followed by Mr. Justice Werner, in the case of the *People ex rel. Clint* v. *Hamilton*, 27 Misc. Rep. 360, in a case where a defective statement had been filed by the town clerk.

In all of these cases the statements were defective and not in compliance with the requirements of law, but it was held the effect of the statements was to apprise the county treasurer of the result of the vote upon the excise propositions.

I see no reason why these decisions are not controlling in the case at bar, so far as the effect of the statement is concerned.

In the case at bar the certificate is something more than a mere statement of the result; upon its face, it appears to be a detailed statement of all that is required by the Liquor Tax Law, but the criticism made by the relator is that the statement is false, in that it purports to be a statement of a result which was never ascertained or determined by the town board. It is apparently true that no result was ever ascertained and determined by the town board; the result was evidently obtained by the town clerk from the returns filed with him by the election inspectors of the town; upon this application it is unnecessary for me to determine which was the correct method because the statement filed, being in substantial compliance with the Liquor Tax Law, justified the county treasurer in refusing to issue a certificate.

Upon the second question it has been held that the test of the right to a liquor tax certificate depends upon the result of the vote.

In *People ex rel. Leonard* v. *Hamilton, supra,* it was held " that the test of the right to a liquor tax certificate, carrying with it the privilege of selling intoxicating liquors, does not rest with any officer, judicial or ministerial, but with the electors of the town.

Their vote is to determine that question. * * * The act requires the town clerk to make a statement of the result of the vote to the county treasurer. This is not for the purpose of furnishing evidence for use in the courts; it is to advise the treasurer of the result of the vote. If the return made is false, the remedies for its correction are ample, as the courts are swift to undo any inadvertence or corrupt error which tends to override the will of the majority as expressed lawfully at an election. But if the return contains the requisite information enabling the treasurer to act, then that must be his guide."

In the case at bar the return shows that the county treasurer refused a liquor tax certificate to the relator upon the ground that the statement filed showed an apparent majority for no license of fifty-six; this statement is not controverted, and the test as to the relator's right to a certificate must depend upon this result.

The application must, therefore, be denied, without cost to either party, and an order may be entered accordingly.

Application denied, without costs.