Matter of the Application of GEORGE A. BURRELL and HARRY G. CHAPIN, for an order directing a special town meeting to be duly called in the Town of East Bloomfield, County of Ontario, and State of New York, for a resubmission of the four local option questions provided by Section 16 of the Liquor Tax Law.*

(County Court, Ontario County, January, 1906.)

Intoxicating liquors — Local option — Validity of local option election — Re-submission.

Mandamus — Against public officers — Elections and proceedings relating thereto — Not to recanvass votes when that is impossible.

The canvass of the vote is part of the submission of the four local option questions specified in section 16 of the Liquor Tax Law (L. 1896, ch. 112) and such questions have not been properly submitted unless the vote has been properly canvassed.

Where the ballot boxes were not locked but were left practically open to the public for twenty-four hours or more after they were canvassed and were opened by unauthorized persons and the ballots examined and interfered with, the remedy by mandamus to compel a recanvass of the votes is impossible.

But a special town meeting will not be ordered on the ground that the questions specified in section 16 of the Liquor Tax Law have not been properly submitted when the only irregularities complained of are in the canvass of the votes, and the reasonable inference from the evidence submitted is that a proper canvass would not have affected the result.

APPLICATION under section 16 of the Liquor Tax Law for a special town meeting in the town of East Bloomfield, N. Y., at which the four local option questions provided by said section 16 shall be resubmitted.

Wynkoop & Rice, for petitioners.

R. R. Scott, for State Commissioner of Excise.

John Colmey, (Charles J. Bissell, of counsel), for Nellie Norton, an intervening taxpayer.

* Received too late for insertion in proper place.

County Court, Ontario County, January, 1906.    [Vol. 50.

KNAPP, J: This is an application under section 16 of the Liquor Tax Law for a special town meeting in the town of East Bloomfield, Ontario county, N. Y., at which the four local option questions provided by section 16 of the Liquor Tax Law shall be resubmitted.

The motion is based upon affidavits alleging irregularities in the canvass of the vote and, particularly, that certain void ballots and ballots alleged to be void were counted and were not separately returned as required by the Election Law.

It is also claimed that a recanvass of the votes could not be had because the ballot box was not sealed and locked and immediately removed to the office of the town clerk, but was opened by unauthorized persons and the ballots examined and interfered with to such an extent that a legal presumption arises that they were not in the same condition as when canvassed.

The certified result of the vote on the questions submitted is as follows:

Proposition No. 1 was lost by sixteen votes; No. 2 by thirty votes; No. 3 was carried by seventy-four votes, and No. 4 was carried by six votes.

There is no claim of any irregularity in the form or manner of submission, or in any of the proceedings prior to the canvass of the votes, and counsel for the intervening taxpayer therefore contends that the County Court or county judge has no jurisdiction to order a resubmission.

The language of the statute is as follows: "If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been *properly submitted* at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the supreme court or county court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the state commissioner of excise, *sufficient reason being shown therefor.*"

The counsel for Mrs. Norton insist that the submission

is complete and that the questions have been "properly submitted" when the preliminary steps provided by the statute have been taken and the electors have had the opportunity to vote thereon; in other words, that the canvass of the vote is no part of the submission of the questions.

If this view of the law be correct, then the motion would have to be denied without an examination into the merits of the application, for it is conceded that, up to the time of the closing of the polls, every act required by the statute was performed and no irregularity up to that point is complained of.

While I do not find that this precise question has been passed upon by any court of record, I am inclined to interpret the statute so as to give effect to all of its provisions and hold that the "submission" of the questions is not complete until the vote is canvassed and the result ascertained.

This also seems to be the view taken by the department of excise. If it were not so, the election officers might refuse to canvass the votes, or a stranger might destroy them and there would be no remedy.

The question then to be determined is whether the four propositions were properly submitted and whether sufficient reason appears in the petition and affidavits for the granting of an order for resubmission.

Undoubtedly the better practice in such cases, where election officers have not conformed their proceedings to the statute, is to proceed by mandamus to compel a recanvass of the votes; and, where questions arise as to whether void ballots have been counted, to obtain a judicial determination as to each ballot alleged to be void; but, in this case, it is claimed that such proceeding would be impossible because of the fact that the boxes were not locked, but were left practically open to the public for twenty-four hours or more after the vote was canvassed.

It would be quite impossible to say certainly that the ballots now contained in the boxes are in the same condition, or are the same ballots, that were left there by the election officers. This proceeding, therefore, seems to me to be authorized by the statute and entirely proper.

County Court, Ontario County, January, 1906.          [Vol. 50.

The affidavits made by the election officers, the watchers and bystanders do not agree as to the facts. It is conceded that one ballot, on which the word "yes" was written in pencil four times in the voting spaces after the printed word "yes," was counted and returned to the ballot box; there can be no question but that this was a void ballot and the protest made by the watcher should have been heeded and the ballot not counted, but separately returned. This, however, is the only ballot which was protested.

McMillan, the inspector, who canvassed all these votes also says that there was one ballot, on which, in one of the voting spaces, there was a straight line and a voting X mark in the other voting space opposite the same proposition; this ballot was also void and should not have been counted, but no one seems to know whether it was counted for or against the propositions, except that it was not counted for the proposition, opposite which was the straight line; he also contends that there were two ballots upon which there were erasures and one in which the voting mark was obliterated with a circular pencil mark.

If the inspectors decided that erasures had been made upon these three ballots, they should have declared them void. Whether an erasure has been made with a rubber may be a matter of opinion and the decision of the inspectors is in a sense judicial as to such ballots and must be regarded as final, unless a recount or recanvass is had before a court of competent jurisdiction.

These five are the only ballots, which can, with any certainty, be said to be void. McMillan, in his affidavit made for the petitioners, states, in substance, that he will not say that there were not other ballots upon which there were erasures or marks, but that he did not observe any such; and, in his affidavit made for the opponents of the motion, states that the five ballots mentioned were the only ones on which erasures or other marks occurred.

Other affiants state that there were more ballots upon which erasures were made, but fail to state how these ballots were canvassed and failed to make any protest against their being canvassed by the board of inspectors. Under such cir-

cumstances, it is impossible for me to determine, from the affidavits and from an inspection of the ballots themselves, the exact facts as to these disputed ballots.

If the five ballots impliedly admitted by the inspector McMillan to be irregular and void are the only ones and if these were all canvassed in favor of proposition 4, it would not have affected the result. No claim is made by the petitioners of fraud or attempted fraud, nor is it alleged anywhere that the rejection of these ballots would have affected the result; but the petitioners claim that it is impossible to determine what the result was, or would have been if all the ballots, which they claim are void, had been rejected.

It seems to me that the town should not be subjected to the expense and annoyance of a resubmission at a special town meeting except where it is reasonably certain that the election officers have not certified the correct result, or that some fraud appears to have been resorted to for the purpose of affecting the result.

While the election officers did not strictly conform to the statute in the canvass of the vote, still the matters complained of do not enter into the essence of the election. They are matters of procedure concerning which the statute gives directions. The failure to comply with the directions, however, does not render the election void; the people of the town have expressed their will, and the result should not be overridden because of the negligence and carelessness of the town officers. In other words, a resubmission should not be had simply for the purpose of permitting one party or the other to "try again." People v. Pierson, 71 N. Y. Supp. 995.

While I am not prepared to hold that it is incumbent upon the petitioners in this case to show, absolutely, that the irregularities complained of affected the result, still I am of the opinion that sufficient reason for the calling of a special town meeting does not appear in the affidavits in this case and that the motion for such order should be denied. My attention has been called to a decision of Mr. Justice Foote, rendered at Monroe Special Term March 25, 1905, in which he holds that the failure of the election board to lock five of the columns of a voting machine on which no voting was in-

County Court, Chautauqua County, December, 1905. [Vol. 50.

tended to be done and the fact that some of the electors used these unlocked columns in voting upon local option questions. and that others might have used them, and that it was impossible to tell how many did use them, furnished sufficient reason to require the resubmission of the question at a special town meeting. This is in line with the view of the petitioners' counsel that it is unnecessary to establish affirmatively that the result would have been changed by a proper canvass of the votes. In the case at bar, however, the reasonable inference from the affidavit of the inspector and from all of the affidavits is that a proper canvass of the votes would not have affected the result. The decision of Mr. Justice Foote applies to a very peculiar situation in a particular case and does not control the situation in this case.

The motion for a resubmission is therefore denied and the petition dismissed.

Motion denied and petition dismissed.