(118 App. Div. 528)

RAYMOND v. CLEMENT, State Com'r of Excise, et al.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

INTOXICATING LIQUORS—LOCAL OPTION—ERRONEOUS SUBMISSION—REMEDY.

Liquor Tax Law, Laws 1900, p. 853, c. 367, § 16, with reference to submission of local option questions, provides that four questions therein specified shall be submitted at biennial town meetings, provided the electors of the town to a certain number shall so request; and that, if the majority of the votes shall be in the negative, no person shall traffic in liquors or receive a liquor tax certificate; and that if, for any reason, except the failure to file a petition therefor, the four propositions provided to be submitted shall not be properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting, duly called, on the filing of a petition and an order of the Supreme or County Court, or a justice or judge thereof. The manner of holding such

special town meeting is prescribed, and the section provides that no liquor tax certificate shall be issued when a majority of the votes at such special meeting have been cast in the negative. *Held*, that the only remedy for an improper submission of the questions is a resubmission of them at a special town meeting, and that, a submission of the questions having been attempted at an election, the court, on a determination that it was improper, has no jurisdiction to compel the issuance of liquor tax certificates as if such submission were of no binding force and had not been attempted.

Appeal from Equity Term, Cattaraugus County.

Action by Frank A. Raymond, impleaded with others, against Maynard N. Clement, as state commissioner of excise, and another. From a judgment dismissing their complaint, plaintiffs appeal. Affirmed.

The action was commenced in April, 1906, to have it adjudged that an attempted submission of the excise questions, so called, to the electors of the defendant town at its biennial town meeting, held on the 7th day of November, 1905, and the statement of the votes cast thereat upon such questions as certified and filed by the board of inspectors, were illegal and of no effect, and to compel the defendant Straight, as county treasurer, to issue a liquor tax certificate to each of the plaintiffs precisely as if such submission had not been attempted or such statement of the result of such submission had not been made and filed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Alex. Wentworth (Carie C. Davie, of counsel), for appellant.
Royal R. Scott, for respondents Clement and Straight.
James G. Johnson, for respondent town of Randolph.

McLENNAN, P. J. The facts are not in dispute, and are fully stated in the findings of the learned trial court, to which no exception was taken.

So far as material the facts are: That during all the times in question the plaintiffs were severally engaged in keeping hotels in the town of Randolph, in the county of Cattaraugus, N. Y. At the general election held in and for said town in November, 1903, the four excise questions, so called, were duly submitted to the electors of said town, and a majority voted in the affirmative upon the fourth of said questions, which, in effect, permitted liquor to be sold by hotel keepers in said town. Thereupon liquor tax certificates were issued to each of the plaintiffs, and they expended considerable sums of money in preparing to carry on such traffic, which will be practically lost unless they are permitted to continue the same. At least 20 days before the time appointed for holding the biennial town meeting of the town of Randolph in the year 1905 a petition in proper form, signed and acknowledged by the requisite number of electors, was filed with the town clerk, and in all respects in accordance with the provisions of the statute in that regard, requesting that the excise questions be submitted to the electors of said town at such election. Pursuant to the request of such petition, there was an attempted submission of such questions;

a considerable number of electors voted thereon; the board of inspectors canvassed the votes so cast and made and filed a statement of the result, in form and· in all respects as required by law, which return or statement declared that a majority of the votes cast were in the negative upon each of said questions, and therefore, upon its face, such return constituted a bar such as to prevent the county treasurer from issuing liquor tax certificates to the plaintiffs or either of them or to any hotel keepers in said town of Randolph. It appears, however, without contradiction, that because of acts or omissions on the part of the officers of said town and of the board of inspectors done or omitted subsequent to the filing of the petition as aforesaid, and none of which appeared upon the face of the return of the inspectors made and filed as aforesaid, the said excise questions were not properly submitted, and that the result as declared was false and erroneous. Concededly the plaintiffs were aggrieved by the result thus falsely and erroneously declared by the board of inspectors, and they are entitled to be relieved from the effect thereof.

The only question presented by this appeal is whether the plaintiffs can obtain relief in an action in equity, or must they seek redress in the manner provided by section 16 of the liquor tax law (Laws 1900, p. 853, c. 367). Unless the statutory provisions furnish not only a remedy but the exclusive means of righting the wrong complained of, unquestionably a court of equity would have jurisdiction in the premises. The cases cited by counsel . for appellants fully sustain that proposition. Those authorities also hold in effect that, in order to oust a court of equity of jurisdiction of a matter which it formerly possessed by statutory enactment, the terms of the statute must be explicit to that effect, or it must result by necessary implication. In the case at bar the statute does not in words say that its provisions shall furnish the exclusive remedy by which wrongs such as are complained of by the appellants may be remedied, but we think that by necessary implication such is the meaning of the statute. The liquor tax law provides a full and complete system of local option for towns. Its provisions, so far as it is important to consider, are as follows:

"Sec. 16. Local Option to Determine Whether Liquors Shall Be Sold Under the Provisions of This Act.—In order to ascertain the will of the qualified electors of each town, the following questions shall be submitted at each biennial town meeting hereafter held in any town in. this state, provided the electors of the town to the number of ten percentum of the votes cast at the next preceding general election shall request such commission by written petition, signed and acknowledged by such electors before a notary public or other officer authorized to take acknowledgments or administer oaths, which petition shall be filed not less than twenty days before such town meeting with the town clerk of the town."

The fourth question to be submitted under this provision is, in effect: Shall any person be authorized to sell liquor in connection with the business of keeping a hotel? The section then provides what shall be done by the town officers and others charged with the duty of conducting the election; and then provides:

"As soon as the town meeting or election shall be held, a return of the votes cast and counted shall be made as provided by law, and if the majority of the votes shall be in the negative or if the number of votes cast for and against

shall be equal on either of such questions, no  *  *  *  person shall thereaft-
er so traffic in liquors or apply for or receive a liquor tax certificate.  *  *  *
If for any reason except the failure to file any petition therefor, the four
propositions provided to be submitted herein to the electors of a town shall
not have been properly submitted at·such biennial town meeting, such prop-
ositions shall be submitted at a special town meeting duly called."

The statute then prescribes the manner of holding such special town
meeting, the canvassing and certifying of the votes cast thereat, and
then provides that no liquor tax certificate shall be issued authorizing
the traffic in liquor in said town when a majority of the votes cast
have been in the negative upon such excise questions.

It would thus seem clear that it was the purpose of the Legislature
to permit the electors of a town to determine whether or not liquors
should be sold within its boundaries, and that the method prescribed
for ascertaining their wishes in that regard was to submit the excise
questions, so called, to such electors. To bring about such a submis-
sion under the statute, the electors could only sign, acknowledge, and
file with the town clerk, in the manner required by law, a petition re-
questing the submission to the electors of the excise questions. If
the result of such election as declared by the inspectors was in accord-
ance perchance with the desires of the petitioners, it would seem in-
congruous that they should be compelled to attack its validity in order
to obtain the result desired by them, to wit, the prohibition of the sale
of liquors in said town. But, aside from that, the scheme of the stat-
ute clearly was to provide for local option notwithstanding the excise
questions were not properly submitted at any election. In such case
the statute expressly provides for a resubmission of the questions to
the electors. Now, if a court of equity has jurisdiction to determine
that such questions were improperly submitted, and that the result
of such submission as declared had no binding force or effect, and
therefore compel the issuance of liquor tax certificates precisely as if
such submission had not been attempted, then the local option feature
of the statute would practically be annulled. As we have seen, the
statute provides that, a proper petition having been filed by the requi-
site number of electors, the electors of the town shall determine whether
or not liquor shall be sold, and, in case such questions are improperly
submitted, a special town meeting shall be held at the instance of any
party aggrieved to settle the question. If the contention of appellants
is correct, in case error or mistake is made by those charged with the
conduct of such submission, a court of equity may declare such mis-
takes or errors to be fatal to such submission and practically decree
that liquor may be sold in said town irrespective of the wishes of a
majority of the electors therein; and, if the contention of the appellants
is correct, another very strange situation might arise. Those opposed
to the sale of liquors in any town, feeling possibly that the submission
of the excise questions as attempted to be made was illegal or irregular,
might apply under the provisions of the statute for a resubmission of
the questions to the electors, and upon such resubmission the vote
might be adverse to the sale of liquor in said town, and yet a court
of equity might declare in an action like this, either immediately before
or after the result of such vote was declared, that, the former submis-

sion having been irregular, the county treasurer should be compelled to issue liquor tax certificates authorizing the sale of liquor in said town.

Under such conditions it may be seen that two judgments absolutely conflicting might be rendered. By the provisions of the statute under the liquor tax law, by "an order of the Supreme or County Court or a justice or judge thereof" a submission of the excise questions may be declared to have been improperly submitted and a special town meeting ordered to again vote upon such questions. If appellants' contention is sound, a court of equity might determine that such submission was valid and binding, and render judgment absolutely in conflict with that rendered by the other tribunal. Such incongruous situation could not have been contemplated by the Legislature; but rather it was intended that the liquor tax law should provide in and of itself the means by which the electors of any town might determine whether or not intoxicating liquors should be sold therein, and that, if such will was erroneously or improperly declared at any election, the only means of correcting the error was by a resubmission of the questions to the electors at a special town meeting called and conducted in the manner prescribed by the statute.

Independent of the logic of the situation, we think this court is bound by its former decision upon the question. In Matter of O'Hara, 63 App. Div. 512, 71 N. Y. Supp. 613, Justice Williams, writing for the court, said:

"The remedy for a failure to properly submit the questions at the town election was the resubmission thereof at a special town meeting duly called." .

See, also, Matter of Town of La Fayette, 105 App. Div. 25, 93 N. Y. Supp. 534; People ex rel. Caffrey v. Mosso, 30 Misc. Rep. 164, 63 N. Y. Supp. 588. In the O'Hara Case the precise question was not involved, and it may be suggested that the language quoted is dictum so far as the case at bar is concerned. However, we now decide that the only way in which a party aggrieved can be relieved from the effect of an improper submission of the excise questions is by application to have such submission declared improper and illegal and for a resubmission of the questions to the electors of the town, that the remedy prescribed by the statute is exclusive, and that the trial court upon the conceded facts had no jurisdiction in the premises.

It follows that the judgment appealed from should be affirmed, with costs. All concur, KRUSE, J., in result.

Judgment affirmed, with costs.