ULRICH et al. v. CLEMENT, State Com'r, et al.

(Supreme Court, Special Term, Steuben County. July 14, 1910.)

INTOXICATING LIQUORS (§ 37*)—ELECTIONS—RESULT—EQUITABLE RELIEF.

Const. art. 6, § 1, declares that the Supreme Court is continued with general jurisdiction in law and equity, and Code Civ. Proc. § 217, provides that the general jurisdiction of the Supreme Court under the Constitution includes all the jurisdiction possessed and exercised by the Supreme Court of the Colony of New York at any time, and by the Court of Chancery in England on July 4, 1776. Held that, where propositions under the liquor law (Consol. Laws, c. 34) were submitted to the voters, but the board of inspectors falsely certified the result of the vote, the Supreme Court had equitable jurisdiction of an action to remedy the false certification.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 37.*]

Action by Charles Ulrich and another against Maynard N. Clement, as State Commissioner of Excise, and others. Demurrer to the complaint overruled.

Monroe Wheeler and James McCall, for plaintiffs.
William P. Borden, for defendants.

CLARK, J. Defendants demur to plaintiffs' complaint on the following grounds: First. That the court has no jurisdiction of the subject of this action. Second. That the complaint does not state facts sufficient to constitute a cause of action.

I think the defendants entirely misapprehend the purpose of this action. At the town meeting held in Bath in November, 1909, certain propositions under the liquor tax law (Consol. Laws, c. 34) were submitted to the voters, and the controversy here has reference to question No. 4 thus submitted. The plaintiffs do not seek to set aside the proceedings of the town meeting, for they allege that the questions were duly submitted to the electors, and that they duly passed upon them, and that the election was perfectly lawful, but it is the contention of plaintiffs that after the votes were cast and counted the boards of inspectors erroneously and falsely certified the result of the vote. The defendants, by demurring, admit these

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

allegations of the complaint, but contend that plaintiffs have adopted the wrong remedy; that a court of equity has no jurisdiction in this matter, and that even though proposition No. 4 was carried at the town meeting in question, and that the votes properly counted showed that fact, if the inspectors made a false certificate as to the result, certifying that it had been lost, whereas the ballots showed it had been carried, a court of equity has no power to right this wrong, and that the only remedy that the plaintiffs have is to apply for a resubmission of the question at another town meeting.

I cannot agree with the learned counsel for defendants in this proposition. If questions under the liquor tax law are properly submitted to the voters at a town meeting and the propositions are carried by a majority of the legal votes cast on those questions, and the inspectors make a false certificate certifying that the propositions were lost, when the votes showed that they were carried, if there is no law to give an aggrieved party relief without going through the expensive and uncertain process of resubmitting the questions at another town meeting, it is time there was some authority to correct such a wrong, and the Supreme Court exercising its equity jurisdiction has authority to afford equitable relief in a case of this character if the facts warrant it. N. Y. Const. art. 6, § 1; Code Civ. Proc. § 217. If inspectors of election make a false return, the court has ample power to correct the error. People ex rel. v. Adair, 44 Misc. Rep. 450, 89 N. Y. Supp. 376 (opinion).

The plaintiffs contend here that there was no irregularity preceding or during the election, and that there was a full and fair vote, but that the result of that vote was erroneously certified. By demurring to the complaint defendants admit these allegations, and if the action of the board of inspectors was erroneous, as claimed by the plaintiffs, it can be reviewed and corrected by an action commenced for that purpose. Matter of Brown, 38 Misc. Rep. 158, 77 N. Y. Supp. 261.

The case of Raymond v. Clement, 118 App. Div. 528, 102 N. Y. Supp. 1070, cited by defendants, is not controlling here, for the reason that that action was to set aside an election and to impeach it. This action is for a very different purpose. Plaintiffs here seek to confirm the election and ask that the proposition in controversy be certified according to the votes cast, and I do not agree with the contention of defendants that the certificate of the board of inspectors falsely certifying the result on proposition No. 4 comprises a part of the submission of the question to the people within the meaning of the liquor tax law.

In the Matter of Burrell, 50 Misc. Rep. 261, 100 N. Y. Supp. 261, cited by defendants, it was held that the submission of a question was not complete until the vote was canvassed and the result ascertained, but the certifying the result by the board of canvassers is something that occurs after the result of the vote has been ascertained, and the making of the certificate of the result is not a necessary part of the submission. Here the question was properly submitted, voted upon, and the result ascertained, and these plaintiffs claim that

the inspectors made a false certificate of that result, and if that is so a court of equity will afford plaintiffs a more speedy mode of relief than to compel them to go through the process of a resubmission at another town meeting.

I have examined with care all of the authorities cited by defendants in support of their proposition, but none of them go so far as to hold that the making of the final certificate of the result of the election is a part of the submission. The making of the certificate is something that occurs after the vote has been canvassed and the result ascertained. When the vote has been canvassed and the result ascertained, that concludes the submission of the proposition. Subsequently, when the inspectors come to certify the result, if they certify erroneously or falsely, a court of equity has power to and will afford relief, to the end that the decision of the electors, as expressed by their votes, shall not only be canvassed and ascertained but shall be correctly and honestly certified.

To adopt the theory of defendants and say that even if the question had been properly submitted, and that the election was in all respects fair and honest, and that the votes had been duly and properly canvassed and the result ascertained, that boards of inspectors by erroneously or falsely certifying the result contrary to what the votes cast actually show it to be, could thus nullify the action of the electors at a town meeting, and that persons aggrieved were without remedy in the Supreme Court, would be unfortunate indeed. What is wanted in this matter, as in all other similar controversies, is an honest election and an honest canvass of the vote, and then have the result correctly and honestly certified. Defendants' idea is that if all proceedings were regular excepting the making of the certificate and that was made falsely, parties claiming to be aggrieved are without remedy, excepting to resubmit the question to another town meeting. That is manifestly erroneous, for the time has not yet come when the Supreme Court is without power to right a wrong if the facts show that a wrong has been committed.

I am convinced that this court has ample jurisdiction of the subject-matter of this action, and that the complaint sets forth facts sufficient to constitute a cause of action, and the demurrer must be overruled.

Judgment is directed in favor of the plaintiffs on the demurrer, with costs, with leave to the defendants to withdraw the demurrer and answer the complaint within 20 days, on payment of costs.