(158 App. Div. 840.)

### In re FARLEY et al.

(Supreme Court, Appellate Division, Third Department.  November 12, 1913.)

INTOXICATING LIQUORS (§ 38*)—SALE—LICENSE—SUBMISSION TO VOTE—RE-
SUBMISSION.

> The Liquor Tax Law as originally passed (Laws 1896, c. 112) contained
> no authority for resubmission to the town meeting of the propositions in a
> case of irregularities in the election, whereupon Laws 1897, c. 312, was
> passed providing that, if for any reason the four propositions should not
> have been properly submitted at any biennial town meeting, the proposi-
> tions should be submitted at a special town meeting duly called on filing
> with the town clerk an order of the court or justice or judge thereof;
> sufficient reason being first shown therefor.  *Held* that, as the court has
> no inherent power in the premises, its authority being limited to that ex-
> pressly given by the act, where a resubmission had been once ordered for
> irregularity in the submission of local option questions at a general town
> meeting, the court had no jurisdiction to order a second resubmission, but
> the result of the special election was final until the next biennial election.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 38.*]

Howard, J., dissenting.

Appeal from Special Term, Chenango County.

Application of Michael J. Farley and others for a special town meet-
ing to be called in and for the Town of Sherburne, New York, for
a resubmission of Liquor Tax Law questions, under section 13 there-
of.  From an order denying the motion for want of jurisdiction, pe-
titioners appeal.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Edward H. O'Connor, of Sherburne (Follett & Flanagan, of Nor-
wich, of counsel), for appellant.

Ward N. Truesdell, of Sherburne, for respondent.

LYON, J.  The four propositions specified in the Liquor Tax Law
(Consol. Laws 1909, c. 34) § 13, were submitted to the electors of the
town of Sherburne, Chenango county, at the biennial town meeting
held in February, 1913.  The result was in the affirmative as to the
fourth proposition relating to sales by hotel keepers only.  Upon an
application to the county judge, alleging improper submission, an or-
der was granted by him directing a resubmission, which was had May
10, 1913, and resulted in a tie vote, and hence a negative decision upon
the fourth proposition.  Application was then made to a justice of this
court by petition and affidavits, alleging certain irregularities in the
resubmission at the special town meeting, and alleging that by reason
thereof the four propositions had not been legally resubmitted, and
asking that it be so determined by the court and that an order be
granted directing that the propositions be again submitted at a special
town meeting to be called for that purpose.  This application was
opposed by certain taxpayers of the town in the capacity of interveners,
who filed opposing affidavits.  The justice denied the application, sole-
ly upon the ground that the Liquor Tax Law did not authorize the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

granting of the relief asked, and stating that the decision was not made upon the merits. It is from the order entered upon such denial that this appeal has been taken.

We think the decision of the learned justice was correct. The Liquor Tax Law as originally passed (chapter 112, Laws of 1896) contained no provision for a resubmission of the propositions, and, no matter what irregularities might have existed in the election, the result of the submission at the regular town meeting was final. The following year the Legislature saw fit, by enacting chapter 312, Laws of 1897, to provide for a resubmission of the propositions at a special town meeting in case the propositions had not been properly submitted at the regular town meeting.

This provision has been the subject of amendment until the statute now provides:

"If for any reason * * * the four propositions * * * shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk * * * an order of the * * * court or a justice or judge thereof, * * * sufficient reason being shown therefor."

The statute does not authorize a second resubmission in case the propositions shall not have been properly submitted at the biennial town meeting, nor authorize a resubmission in case they shall not have been properly submitted at the special town meeting, but authorizes only the single resubmission in case the propositions shall not have been properly submitted "at such biennial town meeting." A court or a justice thereof cannot exercise any power in the premises not expressly conferred upon him by the statute. In the absence of a provision granting to the court or judge authority to order a second special election in case, in his judgment, the propositions were not properly submitted at the special election, it must be presumed to have been the intention of the Legislature that but a single resubmission should be had, and that the result at the special election should be final until the next biennial election. As was said in the case of People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756:

"The rules of construction of statutes require this court to hold that when the Legislature attempts to confer upon the court power to order examination of the ballots the grant of power does not extend one iota beyond its terms."

As was also said in Matter of Tamney v. Atkins, 209 N. Y. 202, 102 N. E. 567, the opinion referring to the exercise by the court of power not expressly given it by statute:

"It is well settled that this proceeding may not be entertained by virtue of any inherent powers of the court, but must find authorization and support in the express provisions of the statute. * * * In such a case as this the right to the writ depends on legislative enactment, and if the Legislature, as the result of fixed policy or inadvertent omission, fails to give such privilege, we have no power to supply the omission."

The order appealed from must be affirmed, with costs. All concur, except HOWARD, J., who dissents.