In the Matter of the Application of LOUIS A. GUMAER, Respondent, *v.* HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, Appellant.

Third Department, March 5, 1919.

**Intoxicating liquors — summary power of court to declare election upon resubmission of local option question void.**

Where it is claimed that an election resulting upon a resubmission of local option questions was void because the polls at two of the three election districts were closed one hour prior to the time fixed by statute because of a misconception of the "Daylight Saving Law," the court has no

power under the statute to determine that question in a summary manner by declaring the result of the election void, upon a motion by a hotel keeper in said town.

John M. Kellogg, P. J., dissented, with memorandum.

Appeal by the defendant, Herbert S. Sisson, as State Commissioner of Excise, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Sullivan on the 12th day of November, 1918, declaring void the result of a special town meeting held under section 13 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd. by Laws of 1910, chap. 485, and Laws of 1918, chap. 473).

*Harry D. Sanders* [*Julien Scott* of counsel], for the appellant.

*Graham Witschief*, for the respondent.

Cochrane, J.:

At the biennial town meeting of the town of Mamakating, Sullivan county, N. Y., in November, 1917, the four local option questions contained in section 13 of the Liquor Tax Law were submitted to the qualified electors of the said town and carried in the affirmative.

Because notice of such election had not been properly given an order was granted by the Supreme Court nullifying the election and directing that the question should be again submitted at a special town meeting to be held September 12, 1918.

At such special town meeting in two of the three election districts of the town the polls were closed one hour prior to the time fixed by statute. (See Town Law [Consol. Laws, chap. 62; Laws of 1909, chap. 63], § 51.) This was without wrongful intent and was due to a misconception of the " daylight saving " law. (See Act of Congress of March 19, 1918; 40 U. S. Stat. at Large, 450, chap. 24; Gen. Constr. Law [Consol. Laws, chap. 22; Laws of 1909, chap. 27], § 52, as amd. by Laws of 1918, chap. 112.) The result of the special election as declared by the election officials was in the negative in respect to all of the propositions except the third.

The respondent, being a hotelkeeper of that town, made a motion at Special Term for an order setting aside and declaring

null and void the special town meeting, which motion was granted, and from the order granting the same an appeal comes to this court.

Clearly a summary order of this nature cannot rest upon the inherent power of the court but must rest upon the authority of the statute. (*Matter of Tamney* v. *Atkins,* 209 N. Y. 202, 206; *Matter of Farley,* 158 App. Div. 840.)

The Liquor Tax Law (§ 13) provides that the court or a judge thereof may order a special town meeting if there has been an improper submission at the biennial town meeting. But the statute contains no provision for any subsequent order or direction, and at that point the power of the court or judge ceases so far as such power is derived from the statute. (*Matter of Farley, supra.*)

It is urged that the special town meeting was void, not merely because the polls were closed too early, but because the early closing changed the result and that the election, therefore, being not only voidable but void, was as though there had been no election and might be so declared by the court. An answer to that argument is that the effect of the early closing as bearing on the result of the election presented a question of fact for the determination of the court and the statute has not clothed the court with power to determine that question in such a summary manner.

The respondent is not without remedy. One clear remedy is indicated in *Raymond* v. *Clement* (118 App. Div. 528, 530; affd., on opinion below, 194 N. Y. 560).

The order should be reversed and the motion denied, with costs.

All concurred, except JOHN M. KELLOGG, P. J., dissenting with a memorandum, and LYON, J., not voting.

JOHN M. KELLOGG, P. J. (dissenting):

I do not favor throwing a party out of court upon the ground that his remedy is by action rather than by a special proceeding, when all parties are present and the court has full jurisdiction to grant the relief sought. We take pride in the legal system which abolishes forms and treats every matter presented to the court as one of substance and not of form. The Trial

and Special Terms of the Supreme Court may exercise all the original legal and equity powers vested in the Supreme Court. (*Waldo* v. *Schmidt*, 200 N. Y. 199, 202.) The Special Term had the power to grant the relief sought, and every one who could properly be a party to an action was before the court. If the plaintiff is compelled to resort to an action, with its necessary delays, he is practically without remedy, as it is very doubtful whether a decision could be had within the year. In such matters of local administration time is of importance, and the speedy remedy by petition at Special Term should not be denied.

In *Matter of Farley* (158 App. Div. 840) it was held that section 13 of the Liquor Tax Law contemplated but one resubmission. But it had no reference to the general equity power of the Trial or Special Terms of the Supreme Court. I favor an affirmance.

Order reversed and motion denied, with costs.